# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| GBS DEVELOPMENT, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:09-CV-39 (DF) |
| | § | |
| BRUCE R. WEST, SR., et al., | § | |
| | § | |
| Defendants. | § | |

## O R D E R

Currently before the Court is Defendants' Motion to Dismiss for Improper Venue. Dkt . No. 10. Also before the Court are Plaintiffs' response, Defendants' reply, and Plaintiffs' sur-reply. Dkt. Nos. 13, 15, and 18. Having considered the arguments of counsel, all relevant papers and pleadings, the Court finds that Defendants' motion to dismiss should be **DENIED**. In addition, the Court finds that Defendants' alternative motion to transfer venue should likewise be **DENIED**.

### I. BACKGROUND

In this action, filed March 17, 2009, Plaintiffs allege that Defendants have violated federal and state securities law, violated RICO and civil conspiracy laws, and committed fraud. Dkt. No. 1. Plaintiffs allegations center around investments made in certain North Carolina beach-front condominiums. *Id.* Plaintiffs believe that Defendants misrepresented the value of those investments. *Id.*

Defendants now request that this case be dismissed because the Eastern District of Texas is an improper venue for this action, as none of the Defendants reside here and the events giving rise to this action did not occur here. Dkt. No. 10. In the alternative, Defendants request that this case be transferred to the Northern District of Texas. *Id.*

## II. LEGAL PRINCIPLES

Title 28 U.S.C. § 1406(a) provides that a court, upon a finding of improper venue in a particular judicial district, "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue. Fed.R.Civ.P. 12(b)(3). "The burden to demonstrate why venue is improper and why the forum should be changed lies with the movant." *Sanders v. Seal Fleet, Inc.,* 998 F. Supp. 729, 733 (E.D. Tex. 1998) (citing *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966)). A determination of improper venue does not go to the merits of the case, and therefore must be without prejudice. *In re Hall,* 939 F.2d 802, 804 (9th Cir.1991). Section 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962). Thus, when it is in the interests of justice, § 1406(a) allows that "the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time consuming and justice-defeating technicalities." *Id.* at 467 (internal quotations omitted).

Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 1404(a) presupposes the action has been brought in a proper venue but authorizes its transfer to another district, which is also proper but more suited to the convenience of witnesses and the needs of justice. The Supreme Court has noted that § 1404(a) places discretion in the district court to adjudicate motions to transfer according to "individualized, case-by-case consideration of

convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

This Court generally recognizes a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particularized case. *In re Triton*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). Accordingly, the defendant has the burden to show "good cause" that transfer is appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirement and *clearly demonstrate* that a transfer is for the convenience of parties and witnesses, in the interest of justice." (emphasis added)).

The Fifth Circuit has made clear that the first determination a district court must make is whether the claims might have been brought in the suggested transferee district. *Id.* at 312-13. After such a determination, the district court must then consider and balance the convenience of the parties in both venues. *Id.* at 314-16; *see also Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004) (Davis, J.).

This balancing of conveniences involves of examination of several private and public interest factors, none of which has dispositive weight. *Volkswagen*, 545 F.3d at 315. The private factors address (1) the availability of sources of proof, (2) the court's ability to secure witnesses' attendance, (3) the expense associated with witnesses' attendance, and (4) all other factors relevant in conducting an expeditious and inexpensive trial. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501(1947)). The public convenience factors address (1) administrative issues and the congestion of the courts' dockets, (2) the local interest in deciding the dispute, (3) the courts' familiarity with the controlling law, and (4) the potential conflicts of law issues that may arise. *Id.*

## III. PARTIES POSITIONS & DISCUSSION

Defendants contend that the Eastern District of Texas is an improper venue for this action because a substantial portion of the events or omissions giving rise to this suit did not occur in the district. Dkt. No. 4 at 3-5. This Court cannot agree. Plaintiffs allege that defendant Aaron Buck, who both resides and has a registered office in the Eastern District, made the initial solicitations that gave rise to this entire action. Dkt. No .13 at 2-5. Moreover, a number of the representations made by Mr. Buck in the Eastern District are the basis for Plaintiffs' claims of fraud. *Id.* Thus, it is clear that a substantial portion of the events giving rise to this action occurred in the Eastern District of Texas. Venue in this district is proper according to 28 U.S.C. § 1391(b). Accordingly, Defendants' motion to dismiss is denied.

Turning to the Defendants' alternative transfer request, the Court notes that the parties agree this case could have been brought in the Northen District of Texas. As a result, the transfer dispute centers around whether the Northern District, particularly the Dallas Division, is a clearly more convenient venue than the Texarkana Division of the Eastern District. An analysis of the private and public factors enumerated in *Volkswagen*, however, demonstrates that such is not the case.

**A.     Private Factors**

*1.     Sources of Proof*

Neither party contends that the sources of proof in this case will be located in some area where the parties themselves are not located. To that end, four of the named Plaintiffs in this action reside in Arkansas and are within 100 miles of Texarkana. For the remaining Plaintiffs, transfer to the Dallas would increase the total distance traveled. The reverse is true for three of the Defendants, who reside in or around the Dallas area. The remaining Defendants reside near the North Carolina

condominiums at issue. Any proof located in or around those condominiums will be forced to travel to Texas whether this case remains in Texarkana or is transferred to Dallas.

Because the local witnesses and proof in this case are distributed between Arkansas and Texas, the Court finds this factor does not weigh in favor of transfer. The sources of proof in this case are just as easily accessed by a Texarkana jury as they would be by a Dallas jury.

2. *Court's Ability to Secure Attendance*

The Court finds this factor does not weigh in favor of transfer. The only third party witnesses identified by the parties are currently plaintiffs in another action before this Court (Ryh Properties v. West, Case Number 5:08-CV-172) and will presumably be able to attend trial in Texarkana.

3. *Witnesses' Cost of Attendance*

As mentioned above, the witnesses in this case are distributed between Arkansas, North Carolina, and North Texas. Transfer to Dallas would increase the convenience for three witnesses, the defendants who reside in or around the Dallas area. Conversely, those witnesses who reside in Arkansas would be inconvenienced by transfer to Dallas. This Court finds it inappropriate to increase the convenience of three Defendants at the expense of all Plaintiffs. To the contrary, when *all* potential witnesses are considered, Texarkana is perhaps the most convenient venue for this case, as it is nearly equidistant between the Dallas Defendants and the Arkansas Plaintiffs.

Accordingly, this Court finds that this factor weighs strongly against transfer.

4. *Other Factors Favoring Expedient Adjudication*

This case, filed March 17, 2009, is still in its earliest stages. In addition, any delay and prejudice associated with transfer is only relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *In re Horseshoe*, 337 F.3d

at 434. Finding no such circumstances, and given the fact the that the parties submit no other relevant factors for consideration, the Court finds this factor does not weigh in favor of transfer.

**B.    Public Interest Factors**

*1.    Administrative Issues Related to Congestion*

The Court finds this factor does not weigh in favor of transfer as the Court is unaware of any congestion-related issues in this case.

*2.    Local Interest in Deciding the Dispute*

Because some of the parties, namely Defendants West Sr. and West Jr., reside and conduct business in Dallas, the Dallas Division of the Northern District has some local interest in deciding this dispute. The citizens of Texarkana, however, have no such interest because none of the parties reside in this division.

Accordingly, the Court finds this factor weighs slightly in favor of transfer. The citizens of the Dallas Division have slightly more interest in this specific case because it involves members of that community.

*3.    Court's Familiarity with the Controlling Law*

The Court finds this factor does not weigh in favor of transfer as both courts are equally familiar with the controlling law.

*4.    Potential Conflict of Law Issues*

The Court finds this factor does not weigh in favor of transfer as the Court is unaware of any potential conflict of law issues. Regardless, both courts are equally capable of dealing with any such issues should they arise.

**IV.  CONCLUSION**

For the reasons stated above, this Court finds that the Eastern District of Texas is a proper venue for this action. In addition, given the specific facts and circumstances of this case, only one factor—local interest—weighs slightly in favor of transfer. All the other factors do not weigh in favor of transfer or weigh strongly against transfer. When all of these factors are considered collectively, the Court concludes Defendants has failed to *clearly demonstrate* that the Dallas Division of the Northern District of Texas would be a more convenient venue than the Texarkana Division of the Eastern District of Texas. Accordingly, Defendants' Motion to Dismiss or, in the alternative, Transfer (Dkt. No. 10) is hereby **DENIED**.

**SIGNED this 18th day of June, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE